IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT CARNEY and BONNIE CARNEY,

    Plaintiffs,

v.                                  Civil Action No. 5:08CV153
                                              (STAMP)
OHIO RIVER COLLIERIES COMPANY,
PERFORMANCE CREEK HOME CONSTRUCTION, LLC
and JAMIE A. COLE, individually and as
agent of the other named defendants,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT PERFORMANCE CREEK HOME
CONSTRUCTION, LLC'S MOTION TO DISMISS**

I.  Facts and Procedural History

Plaintiffs Robert Carney ("Mr. Carney") and Bonnie Carney ("Mrs. Carney") brought suit in the Circuit Court of Marshall County, West Virginia, alleging that Mr. Carney suffered personal injuries, incurred medical expenses, and lost wages as a proximate result of defendants' negligence.[1] Defendants Ohio River Collieries Co. ("Ohio"), Performance Creek Home Construction, LLC ("Performance"), and Jamie A. Cole ("Cole") were jointly involved in a construction project on plaintiffs' real estate in Marshall County, West Virginia. Plaintiffs allege that Mr. Carney was at the construction site with the full knowledge and consent of defendants, and that defendants failed to maintain a safe

---

[1] Mrs. Carney joins in the suit, alleging a loss of her husband's consortium.

construction site. Plaintiffs also allege that defendants failed to warn Mr. Carney of dangers of which defendants were aware but which were not readily apparent, and that on or about September 7, 2006, Mr. Carney suffered severe personal injuries as a result of defendants' negligence. As relief, plaintiffs seek compensatory damages, pre-judgment and post-judgment interest, attorney's fees, litigation expenses, and court costs.

On October 8, 2008, defendants filed a notice of removal in which they assert that federal jurisdiction is founded upon diversity of citizenship and proper service of notice among the parties pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. It is undisputed that plaintiffs were residents and citizens of West Virginia and that all defendants were residents and citizens of Ohio at the time the original action was commenced. There is no disagreement that the controversy at issue is in excess of the statutory amount required, satisfying complete diversity.

Defendant Performance then filed a motion to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). Performance argued that it was no longer in legal existence at the time the injury occurred, and that therefore, Performance was not an entity that could satisfy any judgment. In addition, Performance attached three exhibits in conjunction with its motion for summary judgment regarding its status as a legal entity under Ohio law. The time for filing a response has passed.

2

To date, plaintiffs have not responded to the motion to dismiss. Having reviewed the motion to dismiss and the relevant law, this Court finds that for the reasons set forth below, Performance's motion to dismiss should be granted.

## II. Applicable Law

### A. Motion to Dismiss

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under

Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact.  Id. § 1356 at 298.  For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a).  Id. § 1357 at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325.  A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the complaint clearly demonstrate that the plaintiff does not have a claim and that no set of facts would support the plaintiff's claim. 5A Wright & Miller, supra § 1357, at 344-45.

A motion to dismiss must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 "where materials outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d).  See Laughlin v. Metro., Washington Airports Auth., 149 F.3d 253, 260-61 (4th Cir. 1998).

Because this Court does not exclude the extrinsic documents submitted regarding the dates of Performance's organization and

dissolution, Performance's motion to dismiss will be converted to a motion for summary judgment pursuant to Rule 56 and will be considered under the summary judgment standard of review.

B.  Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256.  "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial --

whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In this case, the non-moving party failed to respond to defendants' motion to dismiss, which this Court has converted to a

motion for summary judgment.  However, plaintiffs' failure to file a response does not relieve defendants from the burden imposed upon the moving party.  See Custer v. Pan Am. Life Ins. Co., 12 F.3d 410 (4th Cir. 1993).  The court in Custer held that while "the failure to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show the uncontroverted facts entitle the party to 'a judgment as a matter of law.'"  Id. (quoting Fed. R. Civ. P. 56(c)).

### III.  Discussion

Plaintiffs' claims against Performance fail as a matter of law because Performance is not a proper party to this civil action.  A plaintiff may not obtain relief from a corporation that is no longer in existence because there are no assets with which to satisfy a judgment.  Therefore, no relief will ever be obtained. Holland v. Kitchekan Fuel Co., 137 F. Supp. 2d 681, 687 (S.D. W. Va. 2001).

Here, Performance argues that because it is no longer a legal entity, and has no assets from which plaintiffs can recover, it cannot sue or be sued and therefore is not a proper party to this action.  This Court agrees.  Performance was organized under Ohio law on January 23, 2002.  (Mot. to Dismiss Ex. A.)  However, Performance was dissolved pursuant to Ohio law less than six months later on July 13, 2002. (Mot. to Dismiss Ex. B.)  The Ohio Secretary of State then issued a Certificate of Dissolution for

Performance on April 4, 2003. (Mot. to Dismiss Ex. C.) Therefore, as of April 4, 2003, Performance was no longer in legal existence. When Mr. Carney's injury occurred on September 7, 2006, Performance had been dissolved for more than three years. Accordingly, at the time of Mr. Carney's injury, Performance, as a legal entity, had dissolved and finished distributing its assets. Performance was not present at the site on the day of the injury and had been for all purposes "deceased" prior to that date. See Holland, 137 F. Supp. 2d at 687 (citing Chatham Steel Corp. v. Brown, 858 F. Supp. 1130, 1152 (N.D. Fla. 1994)) (A legal entity that has effectively dissolved and has finished distributing its assets, is considered to be "dead and buried"). Given the plaintiffs' failure to respond to the motion to dismiss, there appears to be no dispute as to whether Performance was a legal entity at the time the injury occurred. Accordingly, Performance is entitled to a judgment as a matter of law. Therefore, this Court must dismiss Performance from this civil action since relief may not be granted under the circumstances alleged in the complaint.

## IV. Conclusion

For the reasons stated above, Performance Creek Home Construction's motion to dismiss is converted to a motion for summary judgment and is GRANTED. It is ORDERED that the claims against Performance be and hereby are DISMISSED, and that Performance be DISMISSED as a party to this action.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    August 3, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE